Bell, J.,
concurring. It may be argued that the intent of the General Assembly was to require a board of review to refer any new evidence presented to it back to the silicosis referees for further examination and determination. We concede that such a rule would be a salutary one in regard to a disease such as silicosis which, by its very nature, requires specialized medical knowledge and skill to detect and treat. However, we are required to accept the words of the General Assembly as we find them, not as we think they should be.
Sections 4123.516 to 4123.518, Revised Code, make no distinction between an appeal from a decision on a claim for an injury and one from a decision on a claim of occupational disease. These sections give either the claimant or the employer who is dissatisfied with a decision of the administrator the right to appeal and “to be heard upon reasonable notice and to present the testimony of witnesses and other evidence,” and enjoin upon a board of review the duty to provide “a prompt hearing and determination of the appeal.”
Until such time as the General Assembly does make such distinction, we are disposed to yield to a board of review the authority which the statutes plainly give to it.
Zimmerman,- Stewart and Matthias, JJ., concur in the foregoing concurring opinion.